The opinion of the Court was delivered by
Parker, C. J.
The late acts of the legislature regulating prisons within this commonwealth (1) have reduced the imprisonment for debt, from that salvo et arcta custodia required by the common law, to a mere nominal confinement of the person of the debtor. With the policy or impolicy of this system we have nothing to do.
The act passed June 27, 1811, is clear and explicit with regard to the effect of a bond given pursuant to it. If the prisoner confines himself within the exterior limits of the yard, as established by the Courts of Sessions, he is at liberty * to go [ *445 J where and when he will, within those limits, either by day or by night. The bond sued in the present action was executed after the passing of that act; and although its condition varies from what is thereby intended to be the condition of bonds for the liberty of the prison-yard, yet the variance is immaterial, and the debtor was entitled to all the indulgences allowed by that act. It being agreed that he at no time passed without the exterior limits of the prison-yard, there is no breach of the condition, and the plaintiff must be nonsuit.

Plaintiff nonsuit.

 Stat. 1809, c. 33.—1810, c. 116—1811, c. 69, 85, 167.